West'n District *same place; whilst the second implies only a*
*Sept.* 1823.
temporary absence.

BALDWIN
*vs.*
MARTIN & AL.

In the present case the record does not shew a personal service on the appellants, and this deficiency is not legally supplied by the manner in which it appears service was made of the original citation. We therefore conclude, that they were not parties to this suit, and consequently, the judgment herein rendered is, as to them, null and void. Being of opinion that the appellants must prevail on this error assigned, we deem it unnecessary to examine any of the rest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court, so far as it relates to the present appellants, be annulled, avoided and reversed; and that the appellee pay the costs of this appeal.

*Baldwin* for the plaintiff, *Thomas, Scott & Johnston* for the defendants.

—————

*SMOOT & AL.* vs. *RUSSELL.*

Whether an
instrument of
writing which
declares that
property was
sold to se-

APPEAL from the court of the sixth district.

PORTER J. delivered the opinion of the court. The petitioners sue on an instrument

of writing, executed in the state of Alabama, by which it is declared that, in consequence of the plaintiff's having joined in a note, which the defendant had made with one S. Love, in favor of a certain Johnston, the defendant covenanted "that for the better security of the plaintiffs," and to indemnify them against all loss, or against the payment of said note, he had sold and conveyed certain shares, on the condition, however, that if he saved them from all damages and fully indemnified them from the consequences which might arise from their joining in the said note, then the obligation was to be null and void, otherwise to remain in full force and effect.

The law of Alabama has not been proved, and conformably to the uniform decisions of this court, we must decide this case by the provisions of our own. The first question raised for our decision is, whether this is a mortgage or a sale. The plaintiff has brought his action in such a manner as to claim the benefit of it, viewed in either light, but as the right of the parties are in no respect affected by the proper character to be affixed to the instrument, we find it unnecessary to go into the enquiry.

A mortgage is defined by our Civil Code to

West'n District
*Sept.* 1823.

SMOOT & AL.
*vs.*
RUSSELL.

cure the vendee against certain obligations, be a mortgage or a sale? *Quere.*

A clerk cannot certify to the contents of a paper in his possession; he must give a transcript of it.

When a record is admitted which contains within it evidence that is legal, and that which is not so, it will be presumed to be admitted to establish the former.

West'n District
*Sept.* 1823.

Smoot & al.
*vs.*
Russell.

be "a contract by which a person affects the whole of his property or only some part of it, in favor of another, *for security of an engagement, but without divesting himself of the possession thereof—Code,* 452, *art.* 1. This contract expressly states that, the property which is declared to be sold, is conveyed *for the security of an engagement,* and the vendor *does not divest himself of possession.* It would seem, then, to come almost within the letter of the definition, and there would be little difficulty, on our part, in saying that it came completely within it, were it not for a subsequent provision of the same authority, *article* 6, which declares that "there is no conventional mortgage except that which is *expressly stipulated* in the act or writing made between the parties; it is never understood and *is not inferred from the nature of the act.*"

Leaving, therefore, the question to be decided in a case, where it is necessary for a correct understanding of the rights of parties, we shall proceed to examine it as a sale, and if it should be found, that, considered in that point of view, the evidence which the plaintiff must produce is precisely the same, as will be required of him viewing the deed relied on as an

act of hypothecation, it matters little what name we affix to it.

To the formation of the contract of sale three things are requisite—a thing sold, a price and consent. The sale may be made purely and simply, or under a condition either suspensive or resolutive. No price was given here, nor any promised, but the contract expresses, that if Russell took up the note the contract should be null and void. Until that event was ascertained, the right to the property was suspended, and it is clear that if Russell had taken up the note when due, the plaintiffs could not have demanded an object, which was conveyed to them on the condition that they should be compelled to pay the note which they had signed as sureties—*Civil Code,* 344, *art.* 1, 346, *art.* 5, 274, *art.* 81. Had the slaves perished they would have been lost to the defendant, not to the plaintiffs; the former would still have remained under the obligation to take up his note, and would still have been liable to the latter, in case they had paid it; for the conveyance was made to *secure them—Civil Code,* 274, *art.* 82. This gives a test by which the true character of the transaction can be ascertained. *Res perit domino.*

West'n District
Sept. 1823.

Smoot & al.
vs.
Russell.

If the sale had been absolute, the thing sold would at once have been put at the risk of the buyer.

Whether this agreement, therefore, is considered as a mortgage, or as a sale contracted on a suspensive condition, the proof which the plaintiffs must produce is precisely the same. In either hypothesis, they must shew that they have paid the note mentioned in the agreement. In the first, because it was given to secure against the payment of that note, and until proof is given of injury there is no ground to claim indemnity; and in the second, because the contract is suspended until that event, which was to make it absolute, is shewn to have happened.

Whether that proof has been furnished or not, is the point in the cause which has been most disputed, and to which our attention was most drawn in the argument. The evidence of it is said to be furnished in the transcript of a record, certified by the clerk of Washington county, in the state of Alabama, of the proceedings in the case of *Ross* vs. *Russell & al.* This transcript contains a copy of the declaration and judgment; but the execution that issued on this judgment and the return on it

are not copied verbatim, but the substance of them given. We are of opinion that this is not sufficient. The law authorises a clerk to give *copies* of papers in his custody, and if, instead of giving copies, he gives what he understands to be their substance, he substitutes for a transcript of the record, his understanding of what that record contains, and he exercises a power which is certainly not ministerial. In place of facts he gives an opinion. If this evidence were received, it would establish a precedent which would lead to great inconvenience, and it would hereafter authorise the admission of any abridgement of a record which clerks might make, provided they certified that they had done so faithfully. *See* 1*st Haywood*, 410.

It has been contended, as no exception was taken to the admission of the record in the court below, that it is now too late to make it. But the rule is well established that when a record is admitted, which contains within it, evidence which is legal, and that which is not, it must be presumed to have been admitted to establish the former. We have had occasion to act on this principle, in the case of *Lartigue* vs. *Baldwin*—5 *Martin*, 193.

West'n District
*Sept.* 1823.

SMOOT & AL,
*vs.*
RUSSELL.

We conclude, therefore, that as the plaintiffs have not furnished legal evidence of the payment of the obligation for which they bound themselves for the defendant, that there must be judgment for defendant as in case of nonsuit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for defendant as in case of nonsuit, with costs in both courts.

*Thomas* for the plaintiffs, *Baldwin* for defendant.